IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
HORRY DIVISION

| | | |
|---|---|---|
| Susan Kerr, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Allied Van Lines, Inc. | ) | |
| | ) | **(Jury Trial Demanded)** |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Susan Kerr, by and through her undersigned counsel, brings this action against

Defendant, Allied Van Lines, Inc., pursuant to the Carmack Amendment, 49 U.S.C. § 14706, and

alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff, Susan Kerr, is a resident of Horry County, South Carolina, residing at

415 Sellers Road, Conway, SC 29526.

2.      Defendant, Allied Van Lines, Inc., is a corporation with its principal place of

business at 101 East Washington Boulevard, Suite 1100, Fort Wayne, Indiana 46802. Allied Van

Lines, Inc.  is engaged in the business of providing interstate transportation of household goods

as a motor carrier subject to the jurisdiction of the Surface Transportation Board.

3.      Jurisdiction is proper in this Court pursuant to 49 U.S.C. § 14706(d) and 28

U.S.C. § 1337, as this action arises under an Act of Congress regulating commerce.

4.      Venue is proper in this district as the Plaintiff's residence and the place of

delivery of the goods at issue are located within this judicial district.

1

**FACTUAL ALLEGATIONS**

5.     On or about March 2024, Plaintiff contracted with Allied Van Lines, Inc.  for the interstate transportation of her household goods from Owasso, Oklahoma to Conway, South Carolina.

6.     Plaintiff's shipment was delivered to her residence in Conway, South Carolina, whereupon Plaintiff discovered extensive damage and loss to numerous items of personal property.

7.     Plaintiff timely submitted a written claim to Allied Van Lines, Inc.  for the loss and damage to her household goods, as required by the bill of lading and applicable federal law.

8.     Defendant Allied Van Lines, Inc.  acknowledged receipt of Plaintiff's claim and assigned Claim No. 14364-3 to the matter.

9.     Plaintiff provided detailed documentation, including itemized lists, photographs, and valuations, supporting her claim for damages and losses sustained during the move.

10.     Defendant Allied Van Lines, Inc., through its claims department and representatives, including Dianne Thompson and Heather Amstutz, engaged in correspondence with Plaintiff and her counsel regarding the claim. Defendant Allied Van Lines, Inc.  made partial offers of settlement on certain items, but mostly denied or ignored others.

11.     Despite repeated requests for a full and fair resolution, Defendant Allied Van Lines, Inc.  failed to adequately compensate Plaintiff for the full extent of her losses and damages. Plaintiff's documented losses exceed $57,000, while Defendant Allied Van Lines, Inc. has offered only a fraction of this amount.

12.     The last substantive response from Defendant Allied Van Lines, Inc.  regarding Plaintiff's claim was received in or around August 2025, when Dianne Thompson, Senior Claims

Analyst, indicated that a written response addressing the outstanding concerns would be forthcoming. Despite assurances, no further substantive response or resolution has been provided by Defendant Allied Van Lines, Inc.  as of the date of this Complaint.

13.    Plaintiff, through counsel, sent multiple follow-up communications, including letters dated November 24, 2025, January 27, 2026, and March 26, 2026, requesting a written response and warning that litigation would be pursued if the matter was not resolved.

14.    Defendant Allied Van Lines, Inc.  has failed to provide a substantive response or settlement.

15.    As a direct and proximate result, Plaintiff has been damaged.

## COUNT I – CARMACK AMENDMENT (49 U.S.C. § 14706)

14.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

15.    Defendant Allied Van Lines, Inc., as a motor carrier providing interstate transportation of household goods, is liable under the Carmack Amendment for the actual loss or injury to Plaintiff's property resulting from the transportation of such property.

16.    Plaintiff's household goods were delivered in a damaged and/or lost condition, as documented in her claim submissions and supporting materials.

17.    Plaintiff has satisfied all conditions precedent to recovery under the Carmack Amendment, including timely filing her claim and providing all required documentation.

18.    Defendant Allied Van Lines, Inc.  has failed and refused to pay Plaintiff the full amount of her actual damages, despite demand.

19.    As a direct and proximate result of Defendant Allied Van Lines, Inc. ' actions and omissions, Plaintiff has suffered damages in excess of $57,000, representing the fair market value, repair, or replacement cost of the lost and damaged items.

20.    Plaintiff is entitled to recover her actual damages, together with interest, costs, and reasonable attorney's fees as provided by 49 U.S.C. § 14708(d), as applicable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant, Allied Van Lines, Inc., for all actual damages sustained as a result of the loss and damage to Plaintiff's household goods, in an amount to be determined at trial but not less than $57,000;

B. Award Plaintiff her costs and reasonable attorney's fees as permitted by law;

C. Award pre- and post-judgment interest as allowed by law; and

D. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

**Pillsbury Law Firm, LLC**

*/s/Rodney F. Pillsbury*

_____

Rodney F. Pillsbury, (Fed. Bar No.: 5963)
330 E. Coffee St., Suite 4005
Greenville, SC 29601
Phone: (864) 241-9828
Fax:    (864) 670-8521
Email: rodney@pillsburyfirm.law

**ATTORNEY FOR  PLAINTIFF
SUSAN KERR**

June 9, 2026